UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANCISCA MORALES and BENITO VALENCIO SANTIAGO, on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

THEBGB INC. d/b/a THE BREAD GAL BAKERY, BAKERY DIRECT INC. d/b/a THE BREAD GAL BAKERY, 840 EAST 28TH STREET, LLC d/b/a THE BREAD GAL BAKERY, and JESSICA SILLARO,

Defendants,

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs Francisca Morales ("Morales") and Benito Valencio Santigo ("Valencio") (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of Defendants TheBGB Inc. d/b/a The Bread Gal Bakery, Bakery Direct Inc. d/b/a The Bread Gal Bakery, 840 East 28th Street, LLC d/b/a The Bread Gal Bakery, and Jessica Sillaro ("Defendants"), alleges:

## NATURE OF THE ACTION

1. Morales and Valencio are former bakery production workers for The Bread Gal Bakery, a wholesale bakery in Paterson, New Jersey. Throughout their employment, Plaintiffs regularly worked up to sixty-four hours per workweek, but Defendants failed to pay them proper overtime wages at a rate of 1.5 times their regular hourly wage rates for hours worked over forty each workweek.

2. Plaintiffs bring this action on behalf of themselves and all similarly situated non-managerial wholesale facility workers to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the

Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (“FLSA”) and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11- 56(a) *et seq.* (“NJWHL”).

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331 and 1337 and has supplemental jurisdiction over Plaintiffs’ state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

**Plaintiff Francisca Morales**

5. Francisca Morales resides in Passaic County, New Jersey.

6. Defendants employed Morales worked as a baker and bakery production worker from approximately 2014 through June 15, 2025.

**Plaintiff Benito Valencio Santigo**

7. Benito Valencio Santiago resides in Hudson County, New Jersey.

8. Defendants employed Valencio as a bakery production worker from approximately 2016 through July 2024.

**The Corporate Defendants**

9. Defendant TheBGB Inc. is a New Jersey corporation that owns, operates, and does business as The Bread Gal Bakery, a wholesale bakery located at 840 East 28th Street, Paterson, New Jersey 07513.

10. Defendant Bakery Direct Inc. is a New Jersey corporation that owns, operates, and does business as The Bread Gal Bakery, a wholesale bakery located at 840 East 28th Street, Paterson, New Jersey 07513.

11. Defendant 840 East 28th Street, LLC is a New Jersey limited liability company that owns, operates, and does business as The Bread Gal Bakery, a wholesale bakery located at 840 East 28th Street, Paterson, New Jersey 07513.[1]

12. On information and belief, Individual Defendant Jessica Sillaro utilizes TheBGB Inc., Bakery Direct Inc., and 840 East 28th Street, LLC interchangeably to operate The Bread Gal Bakery.

13. New Jersey Department of Treasury filings reflect that the service of process address for each of the Corporate Defendants is 840 East 28th Street, Paterson, New Jersey 07513, where The Bread Gal Bakery is located and operated by Defendants.

14. During Plaintiffs' employment, Defendants distributed Plaintiffs' wages on checks issued by The BGB Inc. and Bakery Direct Inc.

15. At all relevant times, the Corporate Defendants have had employees, including Plaintiffs, engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. In each of the three years preceding the filing of this Complaint, the Corporate Defendants, individually and collectively, have had an annual gross volume of sales made or business done in excess of $500,000.

**Defendant Jessica Sillaro**

17. Defendant Jessica Sillaro ("Sillaro") is an owner and principal of the Corporate Defendants.

18. Sillaro is listed as the President and registered agent of TheBGB Inc. in New Jersey Department of the Treasury filings.

---

[1] TheBGB Inc., Bakery Direct Inc., and 840 East 28th Street, LLC are collectively referred to as "The Bread Gal Bakery" or the "Corporate Defendants" in this Complaint.

19. Sillaro is listed as the registered agent and sole Board of Director member of Bakery Direct Inc. in New Jersey Department of the Treasury filings.

20. Sillaro is listed as the registered agent and member/manager of 840 East 28th Street, LLC in New Jersey Department of the Treasury filings.

21. Throughout Plaintiffs' employment and as the owner, principal, and registered agent of the Corporate Defendants, Sillaro held power and authority over personnel decisions at The Bread Gal Bakery, including the power to discipline employees, hire and fire employees, set employee schedules, set employee wage rates, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

22. Sillaro also delegated this power and authority to managers at The Bread Gal Bakery, including floor manager Luis Mizhquiri, who hired Plaintiffs and directly supervised the work duties of employees including Plaintiffs.

23. On multiple occasions during Morales's employment with Defendants, Morales asked Mizhquiri for a raise. Mizhquiri informed Morales that he would discuss her requests with Sillaro and inform her of Sillaro's decision. Morales's requests were denied.

24. In May 2025, Morales met with Sillaro to request a raise. In response, Sillaro said she would first deterimine if Morales was capable of reading and managing the production list on her own before getting back to her.

25. When Sillaro changed the wage rates or schedules of The Bread Gal Bakery, she held individual meetings with each employee to discuss these changes. Mizhquiri and Sillaro's secretary, Siarra, also attended these meetings.

26. In July 2024, Sillaro met with Valerio to inform him of a change to his schedule. Sillaro informed Valerio that he would only be scheduled to work forty hours per week from that point forward.

27. Sillaro has held herself out in the press as the owner of The Bread Gal Bakery. *See* https://www.thebreadgal.com/pages/international-womens-day (last accessed October 30, 2025).

28. Sillaro exercised sufficient control over The Bread Gal Bakery's operations and Plaintiffs' employment to be considered Plaintiffs' employer under the FLSA and the NJWHL.

## FACTUAL ALLEGATIONS

**Plaintiff Francisca Morales**

29. Morales worked as a baker and bakery production worker throughout her employment at The Bread Gal Bakery.

30. As a baker, Morales spent most of her work time controlling various mechanisms on the oven and placing and removing breads from the oven.

31. As a bakery production worker, Morales spent most of her work time cutting and preparing ingredients and preparing dough before it went into the oven.

32. Morales also performed other tasks at The Bread Gal Bakery as assigned by Defendants.

33. From the beginning of her employment through approximately October 2024, Morales regularly worked: (1) nine- to twelve-hour shifts, from approximately 10:00 a.m. until between 7:00 p.m. and 10:00 p.m., five days per week (Sunday through Thursday), and (2) a six- to seven-hour shift, from 10:00 a.m. until between 5:00 p.m. and 6:00 p.m., on Fridays, with a thirty-minute break, totaling between forty-eight and sixty-four hours per workweek.

34. From approximately November 2024 through the end of her employment, Morales regularly worked five days per week, from Sunday through Thursday, from 12:00 p.m. until 8:30 p.m., with a thirty-minute break, totaling forty hours per workweek.

35. Defendants paid Morales on a biweekly basis.

36. From the beginning of her employment through October 2024, Defendants paid Morales on a straight time basis for hours worked over forty per workweek, with some overtime hours paid at an improper overtime rate.

37. From approximately January 2021 to May 2021, Defendants paid Morales $13 per hour worked for the first sixty hours worked in a biweekly pay period, and $16.25 for additional hours worked during the same pay period on a separate check.

38. For example, for the pay period from May 17 through May 30, 2021, Morales worked a total of 120.77 hours. For this pay period, Defendants issued Morales two checks: (1) Check No. 25966 from Bakery Direct Inc., and (2) Check No. 4569 from TheBGB Inc. The paystub accompanying Bakery Direct Inc. Check No. 25966 reflects that Morales worked sixty hours across the bi-weekly period and was paid $13 per hour worked. TheBGB Inc. Check No. 4569 reflects that Morales worked an additional 60.77 hours cross the same bi-weekly period and was paid $16.25 per additional hour worked.

39. From approximately June 2021 through mid-October 2021, Defendants paid Morales $13.50 per hour worked for the first sixty hours worked in a two-week period, and $16.88 for additional hours worked in a different check.

40. For example, for the pay period from September 6 through September 19, 2021, Morales worked a total of 121.03 hours. For this pay period, Defendants issued Morales two checks: (1) Check No. 26203 from Bakery Direct Inc., and (2) Check No. 4974 from TheBGB Inc. The paystub accompanying Bakery Direct Inc. Check No. 26203 reflects that Morales worked 60 hours across the biweekly period and was paid $13.50

per hour worked. TheBGB Inc. Check No. 4974 reflects that Morales worked an additional 61.03 hours cross the same bi-weekly period and was paid $16.88 per additional hour worked.

41. From approximately October 18, 2021 through October 30, 2022, Defendants paid Morales $15 per hour for all hours worked, including hours over forty per workweek.

42. For example, for the pay period from June 13 through June 26, 2022, Morales worked a total of 114.40 hours. For this pay period, Defendants issued Morales two checks: (1) Check No. 11473 from TheBGB Inc. for fifty hours, and (2) Check No. 1702 from Bakery Direct Inc. for 64.40 hours. Defendants paid Morales $15 per hour for all hours worked during this pay period, including hours over forty per workweek.

43. From October 31, 2022 through the end of her employment, Defendants paid Morales $15.50 per hour for all hours worked, including hours over forty per workweek.

44. For example, for the pay period from September 4 through September 17, 2023, Morales worked a total of 110.26 hours. For this pay period, Defendants issued Morales two checks: (1) Check No. 25759 from TheBGB for fifty hours, and (2) Check No. 3082 from Bakery Direct Inc. for 60.26 hours. Defendants paid Morales $15.50 per hour for all hours worked during this pay period, including hours over forty per workweek.

**Plaintiff Benito Valencio Santigo**

45. Valencio worked as a bakery production worker throughout his employment at The Bread Gal Bakery.

46. Valencio also performed other tasks at The Bread Gal Bakery as assigned by Defendants.

47. Throughout his employment, Valencio regularly worked: (1) nine- to twelve-hour shifts, from approximately 10:00 a.m. until between 7:00 p.m. and 10:00 p.m., five days per week (Sunday through Thursday), and (2) a six- to seven-hour shift, from 10:00 a.m. until between 5:00 p.m. and 6:00 p.m., on Fridays, with a thirty-minute break, totaling between forty-eight and sixty-four hours per workweek.

48. Throughout his employment, Defendants regularly paid Valencio on a straight time basis for hours worked over forty per workweek, with some overtime hours paid at an improper overtime rate.

49. Throughout his employment, Defendants regularly paid Valencio's wages on two separate checks during each pay period.

**COLLECTIVE ACTION ALLEGATIONS**

50. Plaintiffs bring this action on behalf of themselves and all similarly situated non-managerial wholesale facility workers who work or have worked for The Bread Gal Bakery within the three years prior to the commencement of this action and who elect to opt-in to this action (the "FLSA Collective").

51. The FLSA Collective consists of approximately sixty workers who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia,* willfully denying the FLSA Collective overtime pay.

52. Plaintiffs and the FLSA Collective have worked over forty hours per workweek, have performed virtually the same duties, were paid on an hourly basis, and have been subjected to the Defendants' common unlawful pay policies and practices depriving them of overtime pay at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

53. Defendants intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in patterns, practices, and policies violating the FLSA, including

but not limited to failing to pay the FLSA Collective overtime wages for hours worked over forty per workweek.

54. Defendants engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

55. Defendants are aware or should have been aware that the FLSA required them to pay the employees an overtime premium for hours worked in excess of forty per workweek.

56. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiffs and the FLSA Collective.

57. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated employees can be readily identified and located through Defendants' records. The similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS**

58. The claims in this Complaint arising out of the NJWHL are brought by Plaintiffs under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated non-managerial wholesale facility workers who work or have worked for The Bread Gal Bakery in the six years prior to the commencement of this action (the "Rule 23 Class").

59. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

60. The size of the Rule 23 Class is at least sixty individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendants.

61. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

62. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, *inter alia*, the following:

a. Whether Defendants violated the NJWHL and supporting regulations with respect to compensation of the Rule 23 Class as alleged herein;

b. Whether Defendants failed to pay overtime wages to the Rule 23 Class for hours worked in excess of forty per workweek, as required by the NJWHL; and

c. Whether Plaintiffs and the Rule 23 Class have sustained damages and, if so, the proper measure of such damages.

63. Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the members of the Rule 23 Class work or have worked for Defendants at various times within the applicable statutory period. They enjoy the same statutory rights under the NJWHL to be paid at the overtime rate for all hours worked over forty in a workweek. Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NJWHL.

64. Plaintiffs and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

65. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

66. Plaintiffs have retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

67. There is no conflict between Plaintiffs and the Rule 23 Class members.

68. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Rule 23 Class members lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

69. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM**
**(FLSA – Unpaid Overtime Wages)**

70. Plaintiffs and the FLSA Collective repeat and reallege all foregoing paragraphs by reference.

71. Defendants are employers within the meaning of 29 U.S.C. § 203(d) and 207(a) and employed Plaintiffs and the FLSA Collective.

72. Defendants were required to pay Plaintiffs and the FLSA Collective overtime wages at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions of the FLSA, 29 U.S.C. § 207, *et seq*.

73. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages at a rate of one and one-half times their regular hourly wage rates for hours worked in excess of forty per workweek.

74. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs and the FLSA Collective.

75. As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

**SECOND CLAIM**
**(NJWHL – Unpaid Overtime Wages)**

76. Plaintiffs and the Rule 23 Class repeat and reallege all foregoing paragraphs by reference.

77. Under the NJWHL, Defendants were required to pay Plaintiffs and the Rule 23 Class one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty hours per workweek.

78. Plaintiffs and the Rule 23 Class regularly worked more than forty hours per week.

79. Defendants failed to pay Plaintiffs and the Rule 23 Class the overtime wages to which they were entitled under the NJWHL.

80. Defendants' violations of the wage payment requirements of the NJWHL was part of their regular business practice and constituted a pattern, practice, and/or policy.

81. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NJWHL with respect to the compensation of Plaintiffs and the Rule 23 Class.

82. Defendants willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class members overtime wages.

83. As a result of Defendants' willful violations of the NJWHL, Plaintiffs and the Rule 23 Class members are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, the FLSA Collective, and the Rule 23 Class, respectfully request that this Court:

a. certify this case as a class action pursuant to Rule 23 for the Rule 23 Class described herein, certify Plaintiffs as the representatives of the Rule 23 Class, and designate Plaintiffs' counsel as Class Counsel;

b. certify this action as a collective action on behalf of the FLSA Collective described herein and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all prospective members of the FLSA Collective apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

c. declare that the Defendants violated the overtime pay provisions of the FLSA and the NJWHL;

d. declare that the Defendants' violations of the FLSA and NJWHL were willful;

e. enjoin and permanently restrain Defendants from further violations of the FLSA and NJWHL;

f. award Plaintiffs, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

g. award Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and NJWHL;

h. award Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NJWHL;

i. award Plaintiffs, the FLSA Collective, and the Rule 23 Class pre- and post-judgment interest; and

j. award such other and further relief as the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
October 31, 2025

PECHMAN LAW GROUP PLLC

By: ______________________________

Louis Pechman
Galen C. Baynes
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
baynes@pechmanlaw.com
*Attorneys for Plaintiffs and the Putative FLSA Collective and Rule 23 Class*